IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ARNOLD PAYNE,                )
                             )
                             )
          Plaintiff,         )
                             )
     v.                      )     1:12CV1127
                             )
CAROLYN W. COLVIN,[1]        )
Acting Commissioner of Social)
Security,                    )
                             )
          Defendant.         )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff Arnold Payne ("Plaintiff") brought this action to challenge a decision of the Social Security Administration ("Administration" or "SSA") to limit the amounts of Disability Insurance Benefits ("DIB") awarded to him under Title II of the Social Security Act ("Act") and Supplemental Security Income ("SSI") awarded to him under Title XVI of the Act.

The Commissioner of Social Security ("Commissioner") has filed a Motion to Dismiss, claiming that this court lacks

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

subject matter jurisdiction to hear Plaintiff's claim. (Doc. 8.)[2]  In his Complaint, Plaintiff alleges that this court has jurisdiction under section 205(g) of the Act, as amended and codified at 42 U.S.C. § 405(g), and under section 1631(c) of the Act, as amended and codified at 42 U.S.C. § 1383(c). (Complaint ("Compl.") (Doc. 2).)  Plaintiff has responded to the Commissioner's Motion to Dismiss (Doc. 16), and the matter is now ripe for review.

For the reasons set forth below, the Commissioner's motion will be granted, and Plaintiff's case will be dismissed.

I. **BACKGROUND**

The administrative record has been certified to this court for review.[3]  Plaintiff filed an application for DIB and SSI on July 1, 2009, alleging a disability beginning on May 11, 2007. The claims were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on

---

[2] The Commissioner filed a Memorandum in Support of the Motion to Dismiss on January 29, 2013. (Doc. 9.) The Commissioner subsequently filed a Motion to Amend that Memorandum and an accompanying exhibit. On February 22, 2013, the Motion to Amend was granted (Doc. 15), and as a result, this court will review the Commissioner's Amended Memorandum (Doc. 11) and the amended Exhibit E (Doc. 11-7).

[3] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer. (Doc. 8; see also Docs. 11-1, 11-2, 11-3 (providing electronic copies of the Administrative Transcript of Record).)

November 16, 2010, and in a decision dated December 10, 2010, the ALJ granted Plaintiff's application for the closed period of May 11, 2007 to November 16, 2010 (the "closed period"). (Tr. at 11-20).

The ALJ found that, during the closed period, Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spines (status post lumbar and cervical surgeries); degenerative acromioclavicular joint disease; osteoarthritis of the left acromioclavicular joint; adhesive capsulitis; and bicep tendonitis (status post shoulder surgeries). (Id. at 15.) The ALJ found that Plaintiff's impairments, alone or in combination, did not meet or equal a Listing impairment. (Id.)

Nonetheless, the ALJ determined that, through the closed period, Plaintiff had the residual functional capacity ("RFC") to perform a less than full range of sedentary work. He had the ability to lift and/or carry less than 10 pounds, sit less than 2 hours in an 8-hour workday, and stand and/or walk less than 2 hours in an 8-hour workday. The ALJ determined that these impairments imposed additional limitations that significantly interfered with Plaintiff's ability to perform full time work activity on a consistent and sustained basis. As there were no jobs that existed that Plaintiff was capable of performing, the

ALJ found that, for the duration of the closed period, Plaintiff was disabled. (Id. at 15, 17, 18.)

Having found that Plaintiff was disabled during the closed period, the ALJ considered whether the claimant was disabled after the closed period. The ALJ found that Plaintiff experienced medical improvement as of November 17, 2010. (Id. at 18.) Beginning at that time, the ALJ determined that Plaintiff had the RFC to perform a full range of medium work. (Id. at 19.) The ALJ determined that Plaintiff was able to perform his past relevant work as a saw operator. (Id.) Thus, as of November 17, 2010, the ALJ concluded that Plaintiff was not disabled. (Id.)

On December 26, 2010, the Social Security Administration's Office of Central Operations issued Plaintiff a Notice of Award. The Notice recognized that Plaintiff became disabled as of May 11, 2007, but the Notice indicated that the Administration "can pay benefits no earlier than 12 months before the month of filing." (SSA Notice of Award (Doc. 9-5) at 1.) Because Plaintiff filed his application for benefits on July 1, 2009, he could only receive back payments starting on the date twelve months before he filed his application - July 1, 2008. (Id.)

On February 4, 2011, Plaintiff through counsel wrote a letter to the ALJ, stating that the Notice of Award "**does not**

comply with the agreement [Plaintiff] entered with the [ALJ]," as Plaintiff and the ALJ "agreed . . . that [Plaintiff's] benefits would begin May 2007 not July 2008."  (Tr. at 190.)  Plaintiff requested that the ALJ "issue an Order directing the payment center to pay [Plaintiff] Social Security Disability and/or Supplemental Security Benefits from May 2007 through November 16, 2010 pursuant to the agreement [Plaintiff] made with [the ALJ]."  (Id.)

Three days later on February 7, 2011, Plaintiff filed a "Request for Review of Hearing Decision/Order" of the "unfavorable decision that was issued on December 10, 2011 [sic]."  (Id. at 5-6.)  In his request for review, Plaintiff claimed that the ALJ's decision "was not supported by substantial competent evidence of records" and that the ALJ "committed error of law."  (Id. at 6.)  The Appeals Council disagreed and, in a Notice dated August 30, 2012, stated that it "found no reason under [its] rules to review the Administrative Law Judge's decision."  (Id. at 1.)

Based on the Appeals Council's denial of Plaintiff's request for review of the ALJ's decision, the ALJ's decision is the final decision of the Commissioner.  (Id.)  On October 22, 2012, Plaintiff filed the present action seeking judicial review

of "a decision(s) of the [Commissioner] adverse to the Plaintiff." (Compl. (Doc. 2) at 1.)

## II. LEGAL STANDARD

Section 405(g) provides for judicial review of actions of the Administration where (1) a "final decision" of the Commissioner has been rendered after a hearing; (2) the claimant has commenced a civil action within 60 days after the mailing of notice of such decision; and (3) the civil action has been filed in an appropriate judicial district. 42 U.S.C. § 405(g); Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975). Section 1383(c) provides a similar type of judicial review of SSI determinations. See 42 U.S.C. § 1383(c).

When conducting such judicial review, this court is to consider whether the ALJ's factual findings as to Plaintiff's disability are "supported by substantial evidence and were reached through application of the correct legal standard." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted). The Act then goes on to indicate that § 405(g), in its limited form, provides the sole means of judicial review for the Commissioner's determination of disability. See 42 U.S.C. § 405(h); cf. Ezell v. Bowen, 849 F.2d 844, 845 (4th Cir. 1988); Frady v. Harris, 646 F.2d 143, 144 (4th Cir. 1981).

Under the Act, other actions of the Administration, such as the decision on whether to reopen a case, are not "final decision[s] of the [Commissioner of Social Security] made after a hearing," and as a result, those decisions are not subject to judicial review under § 405(g). Califano v. Sanders, 430 U.S. 99, 108 (1977) (citing 42 U.S.C. § 405(g)). Indeed, the Supreme Court has recognized that Congress made a "policy choice" to "limit judicial review to the original decision denying benefits" and did so "to forestall repetitive or belated litigation." Id.

Because the Act does not provide the basis for judicial review, "the opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the [Commissioner's] regulations." Id. The regulations provide a non-exhaustive list of administrative actions that are not "initial determinations" and, as a result, are not subject to judicial review, including the Administration's denial of a request to reopen a determination or decision. 20 C.F.R. § 404.903(l) (DIB cases); 20 C.F.R. § 416.1403(a)(5) (SSI cases).

Therefore, courts do not have subject matter jurisdiction to hear a plaintiff's claim that the Administration abused its discretion in making such a decision, absent a colorable

constitutional claim. Califano, 430 U.S. at 108-09 (finding further that the Administrative Procedure Act does not provide an independent grant of subject matter jurisdiction over such decisions).

III. **ANALYSIS**

The Commissioner argues that this court does not have subject matter jurisdiction to hear Plaintiff's claim. (Am. Mem. in Supp. of Def.'s Mot. to Dismiss ("Commissioner's Mem.") (Doc. 11) at 1). In his Complaint, Plaintiff alleges that "this court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and/or 1383(c)." (Compl. (Doc. 2) ¶ 3.) After considering the allegations made in the Complaint and after reviewing the record, this court agrees with the Commissioner that this court does not have subject matter jurisdiction to consider Plaintiff's claim.

As an initial matter, this court notes that it is somewhat difficult to determine which action of the Administration Plaintiff is challenging, due to the vague nature of Plaintiff's Complaint and the unique procedural posture of this case. It does not appear that Plaintiff is objecting to the ALJ's disability determination. As a basis for jurisdiction, Plaintiff cites 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c) in his Complaint (id.), and in his request for review to the

Appeals Council, Plaintiff asserts that the ALJ's decision was "not supported by substantial competent evidence of records" and was based on an "error of law." (Tr. at 6.) These facts would indicate that Plaintiff is challenging the ALJ's disability determination. However, the ALJ's "initial determination" was fully favorable to Plaintiff, suggesting that Plaintiff is not challenging the determination. (Id. at 7.)

Additionally, Plaintiff does not state specific objections to the ALJ's determination in his Complaint, and in his response to the Commissioner's Motion to Dismiss, Plaintiff implies that he agrees with the ALJ's determination. (See Ans. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (Doc. 16) ¶¶ 5-6.) Therefore, it does not appear that Plaintiff is challenging the "initial determination" of the ALJ and therefore is not asserting a claim under 42 U.S.C. § 405(g) or 42 U.S.C. § 1383(c). As a result, these provisions of the Act do not provide subject matter jurisdiction for this court to hear Plaintiff's claim.

Instead, it appears that Plaintiff is challenging either the Administration's application of its 12-month limitation on past DIB payments, the Administration's refusal to award retroactive SSI payments, or the ALJ's refusal to reopen the case to order that payments be made for the disputed period. The Complaint does not make these arguments explicitly, but this

court draws these arguments from Plaintiff's February 4, 2011 letter[4] in which he argued that the Notice of Award limiting payments to 12-months did not comply with the ALJ's decision and requested that the ALJ issue an order to rectify the issue. (Tr. at 190.) This is further corroborated by Plaintiff's response to the Commissioner's Motion to Dismiss, which alleges entitlement to "disability payments" from May 2007 or from five months after May 2007. (Pl.'s Resp. (Doc. 16) ¶ 6.) This court assesses whether it has subject matter jurisdiction over each argument.

First, this court does not have subject matter jurisdiction over the ALJ's refusal to order the Administration to make payments for the entire closed period of disability. Based on the nature of the request, Plaintiff's letter requesting an order from the ALJ is not one for an "initial determination." "Initial determinations" are decisions concerning a plaintiff's entitlement to benefits and are subject to judicial review. See 20 C.F.R. § 404.902 (providing a non-exclusive list of "initial determinations" in DIB cases); 20 C.F.R. § 416.1402 (providing a

---

[4] This court recognizes it is able to consider facts presented in the transcript for purposes of determining the Commissioner's Motion to Dismiss for Lack of Subject Matter Jurisdiction and that considering such facts outside of the pleadings does not convert the proceeding to one for summary judgment. White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005).

similar list for SSI cases).  Administration decisions that are
"not initial determinations" pertain to ancillary issues apart
from whether a plaintiff is disabled, such as the
Administration's decision to deny a plaintiff's "request to
reopen a determination or a decision."  See 20 C.F.R. § 404.903
(providing a non-exclusive list of actions that are "not initial
determinations" in DIB cases); 20 C.F.R. § 416.1403 (providing a
similar list for SSI cases).  These non-"initial determinations"
are not subject to judicial review.

In this case, Plaintiff requested that the ALJ return to
the original decision he made about the duration of Plaintiff's
disability and issue an additional order based on that decision.
(See Tr. at 190.)  The request does not address the issue of
whether Plaintiff is disabled, and as a result, denying that
request was not the ALJ making an "initial determination."
Because the ALJ's decision was not an "initial determination,"
it is not subject to judicial review, either under Title II, see
20 C.F.R. § 404.903(a), or Title XVI, see 20 C.F.R.
§ 416.1403(a).  Such a decision is subject to review by the
Administration itself, but this court cannot insert itself into
the decision the Administration makes during the review, unless
Plaintiff makes a colorable constitutional claim.  Califano, 430
U.S. at 109.  Because Plaintiff has not made a constitutional

claim, this court does not have subject matter jurisdiction to review the ALJ's decision not to order payment as Plaintiff requested.[5]

Second, this court finds it does not have subject matter jurisdiction to hear Plaintiff's challenge of the Administration's application of its 12-month limitation on past Title II DIB payments. Generally, "[w]here the controlling statute indicates that particular agency action is committed to agency discretion, a court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions." Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1981). However, courts "may not review agency action where the challenge is only to the decision itself." Id.

Under the Act, the Commissioner has the authority to "prescribe such rules and regulations as the Commissioner determines necessary or appropriate to carry out the functions of the Administration." 42 U.S.C. § 902(a)(5). Using this

---

[5] Because this court does not have subject matter jurisdiction over Plaintiff's claim, it does not reach the arguments presented by the Commissioner that (1) Plaintiff does not have Article III standing as Commissioner has tendered all that Plaintiff could recover if his claim was fully litigated; (2) the ALJ does not have the authority to make such an order; and (3) the ALJ's determination of a closed period does not make a binding agreement between the Commissioner and the Plaintiff. (Commissioner's Mem. (Doc. 11) at 4-7.)

authority, the Administration promulgated regulations providing that plaintiffs can receive benefits "for up to 12 months immediately before the month in which [the plaintiff's] application is filed." 20 C.F.R. § 404.621(a)(1); see also Social Security Ruling 83-20, Titles II and XVI: Onset of Disability, 1983 WL 31249 ("SSR 83-20). These regulations comport with provisions of the Act that create a 12-month window for plaintiffs to recover benefits retroactively. See 42 U.S.C. §§ 416(i)(2)(E); 423(b).

Other courts have found that the 12-month limitation is valid and have enforced this limitation against plaintiffs. See, e.g., Bivines v. Bowen, 833 F.2d 293, 294 n.1 (11th Cir. 1987) (noting that "although a period of disability may be found to have begun years before a claimant submits an application for disability benefits, retroactive benefits are statutorily restricted to twelve months prior to the date on which an application was filed" (citing 20 C.F.R. § 404.621(a))); McClenahan v. Comm'r of Soc. Sec., No. 6:12-CV-919-Orl-18GJK, 2013 WL 2151747, at *2-3 (M.D. Fla. May 16, 2013) ("[A] claimant who files an application for disability benefits after the first month he is entitled to such benefits may only receive benefits for up to twelve (12) months before the application was filed.").

Here, the Administration determined that, although the ALJ found that Plaintiff's disability began on May 11, 2007, Plaintiff could only recover for the period 12 months before the date his application was filed. Plaintiff does not appear to be arguing that this decision violates the Administration's regulations or the Act itself, nor does Plaintiff claim that this decision violated his constitutional rights. Additionally, even if Plaintiff had made such a claim, those arguments would not be colorable based on the law as stated above. As a result, this court does not have jurisdiction to review the Administration's decision to apply the 12-month limitation to Plaintiff's DIB award.

For the same reasons, this court does not have subject matter jurisdiction to consider Plaintiff's argument to the extent he challenges the decision not to award retroactive SSI payments under Title XVI. The regulations implementing Title XVI make it clear that the Administration cannot provide retroactive SSI payments. See 20 C.F.R. § 416.335. This court does not have authority to review this decision, as Plaintiff has not made an argument that this regulation goes against some statutory or constitutional mandate.

Therefore, without subject matter jurisdiction over any argument made by Plaintiff or any apparent argument gleaned from

this court's review of the Administrative Transcript of Record, this court does not have the authority to review Plaintiff's claims.

III. **CONCLUSION**

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Dismiss (Doc. 8) is **GRANTED** and that this action is dismissed with prejudice. A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 11th day of February, 2015.

_____
United States District Judge